The Honorable Roger B. Wilson Senator, District 19 State Capitol Building, Room 227 Jefferson City, Missouri 65101
Dear Senator Wilson:
This opinion letter is in response to your question asking:
 The State Auditor conducted an audit of the Boone County Hospital pursuant to Section 29.230, RSMo Supp. 1990, for the year ending December 31, 1988. The hospital Board of Trustees was billed $17,792.74 for the cost of this audit by the State Auditor.
 Is the Board of Trustees, the County, or some other entity liable for payment of this debt?
Along with your question, you state:
 A question has arisen over payment for the audit of Boone County Hospital. The audit was requested by a petition of residents of the county in accordance with [Section 29.230, RSMo Supp. 1990]. Although [Section 29.230] specifies that the political subdivision shall pay the cost of a petition audit, the Board of Trustees of Boone County Hospital was billed for the cost.
Section 29.230, RSMo Supp. 1990, provides in pertinent part as follows:
 29.230. To audit county offices, when — political subdivisions by petition, requirements, costs — petition audit revolving trust fund created, administration.
* * *
 2. The state auditor shall audit any political subdivision of the state, including counties having a county auditor, if requested to do so by a petition signed by the requisite percent of the qualified voters of the political subdivision determined on the basis of the votes cast for the office of governor in the last election held prior to the filing of the petition. . . .
* * *
 (4) . . . The political subdivision shall pay the actual cost of audit. . . .
In Attorney General Opinion No. 224, Lehr, 1975, a copy of which is enclosed, we stated:
 The Supreme Court of Missouri has characterized a county hospital as a "county entity," and an "instrumentality of the county," and a "creature" of the county. Fulton National Bank v. Callaway Memorial Hospital, 465 S.W.2d 549, 551-552
(Mo. 1971). Furthermore, the court has considered the members of the board of trustees of county hospitals as "public officials" of the county. State ex rel. Holman v. Trimble, 293 S.W.2d 98, 102
(Mo.Banc 1927).
Id., p. 2. In such opinion this office concluded that the State Auditor is obligated to include county hospitals within the scope of the audit of counties containing a county hospital. See also Attorney General Opinion No. 174, Sharp, 1979 (county hospital is neither a political subdivision nor . . .), Attorney General Opinion No. 113-83 (county hospitals are instrumentalities of the counties, not separate political subdivisions . . .), and Attorney General Opinion No. 107-87 (county hospital does not meet the definition of a political subdivision), copies of which are enclosed.
Based on the foregoing, we conclude that the county hospital is not a separate political subdivision. Therefore, it is the opinion of this office that the cost of the audit of Boone County Hospital should be paid by the county, the political subdivision.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 224, Lehr, 1975 Opinion Letter No. 174, Sharp, 1979 Opinion No. 113-83 Opinion No. 107-87